IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| JOAN BEAN and MERRILL BEAN<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA, et al.<br><br>Defendants. | MEMORANDUM DECISION<br><br>AND ORDER<br><br><br><br>Case No. 1:06-CV-105<br><br>Judge Dee Benson |

On September 8, 2006, Plaintiffs Joan and Merrill Bean filed this action against the United States, the United States Department of Agriculture, a helicopter company, and several unnamed John Does, seeking to recover for property damage allegedly caused by firefighters fighting a forest fire that burned near the Beans' residence in July 2003. On September 5, 2008, the Beans amended their complaint for the second time and added several defendants they believed were directly responsible for the damage to their home. Six of these defendants have now moved this Court to dismiss the Beans' causes of action against them because of the Beans' failure to file within the applicable statutes of limitations. The Court held a hearing covering all of these motions to dismiss on June 25, 2009. The Beans were represented by Joseph M. Bean; Reeder Flying Service was represented by Kamie F. Brown; Crew Concepts was represented by

1

Dennis J. Conroy; Rogers Helicopter was represented by John A. Snow; Geo-Seis Helicopters was represented by David W. Slaughter; Brainerd Helicopters was represented by Courtney Kochevar; and Fire-Trol Holdings was represented by Kirk G. Gibbs. After consideration of the oral arguments and briefs submitted by the parties, the Court enters the following Memorandum Decision and Order.

## I. Background

For the purposes of the present motions to dismiss, the Court accepts the following facts at true. *See Arnold v. McClain*, 926 F.2d 963, 965 (10th Cir. 1991). From approximately July 10, 2003 through July 17, 2003, a forest fire burned near the Plaintiffs' home in the foothills of the west-slope of the of the Wasatch Mountains. Complaint, ¶ 20, dkt. 29 (Sept. 5, 2008). As part of the fire suppression efforts, a staging area for helicopters was set up near the Beans' home. *Id* ¶ 24. This staging area was used by Reeder Flying Service, Crew Concepts, Rogers Helicopter, Geo-Seis Helicopters, and Brainerd Helicopters (collectively, the Helicopter Defendants) to fill their buckets with a liquid fire retardant manufactured by Defendant Fire-Trol Holdings, LLC. *Id.* En route to their drops, the helicopters drizzled this fire retardant on the Beans' property and their home's copper roof. *Id.* ¶ 25. Upon noticing this, Merrill Bean requested that the helicopters change their flight pattern and, within a short period of time, most of the helicopters complied with Mr. Bean's request. *Id.* ¶¶ 26-29. Despite these attempts to mitigate the damage, the fire retardant dropped on the Bean residence during the course of the fire suppression effort ultimately discolored the copper roofing, and caused permanent chemical and possible structural damage to the roof. *Id.* ¶ 32.

Based upon the advice of the Fire Chief of the Farmington Fire Department, the Beans filed a claim against the federal government pursuant to 28 U.S.C. § 2401(b) of the Federal Tort Claim Act (FTCA) on April 7, 2004, once it became clear that the seasonal snowfall had not restored the roof to its original condition (as the fire department had allegedly anticipated). Affidavit of Merrill Bean, ¶ 5-6, dkt. 60 (Dec. 23, 2008); Memorandum in Opposition, ex. 1, dkt. 59 (Dec. 23, 2008). Almost two years later on March 16, 2006, the Beans' federal claim was denied because the Department of Agriculture's review disclosed "no negligence or wrongful act on the part of an employee of the Government acting within the scope of his employment." Memorandum in Opposition, ex. 2. In his affidavit, Merrill Bean stated that at the time the government denied his claim, "[he] became aware of the possibility that other, private entities might have some legal liability." Affidavit of Merrill Bean, ¶ 8-10. Mr. Bean also stated that the government's letter of denial was the "first time [he] became aware of the fact that other entities may have had some legal liability." *Id.* ¶ 10. Nevertheless, the record also shows that Mr. Bean noticed at the time of the fire that one of the helicopters had the word "Colson" painted on it, *see* Memorandum in Opposition, ex. 1, and that Mr. Bean was informed on February 16, 2005 that the government had hired the helicopters, *see* Brainerd Reply, ex. B, dkt. 65 (Jan. 16, 2009).

## II. Discussion

The Defendants have moved to dismiss the Beans' lawsuit against them because it was not filed within the applicable statutes of limitations. State law claims asserted in federal court are governed by the applicable state statutes of limitations. *See Walker v. Armco Steel Corp.*, 446 U.S. 740, 751-52 (1980). Under Utah state law, the statute of limitations applicable to the

property damage claims brought against the Helicopter Defendants is three years. Utah Code Ann. § 78B-2-305(1) (2008). The products liability claim against Fire-Trol Holdings, LLC, on the other hand, is governed by a two-year statute of limitations. Utah Code Ann. § 78B-6-706 (2008). Under Utah law, "a statute of limitations begins to run upon the happening of the last event necessary to complete the cause of action." *Colosimo v. Roman Catholic Bishop of Salt Lake City*, 2007 UT 25, ¶ 14, 156 P.3d 806 (quoting *Russel Packard Dev., Inc. v. Carson*, 2005 UT 14, ¶ 20, 108 P.3d 741 ("Mere ignorance of the existence of a cause of action will neither prevent the running of the statute of limitations nor excuse a plaintiff's failure to file a claim within the relevant statutory period.")).

In the present case, the limitations periods on the Beans' claims began to run no later than July 17, 2003, the last day of the forest fire. The Beans did not file this case until September 8, 2006, after both statutes of limitations applicable to their causes of action against the private entities had run. The Beans now seek to avoid the harsh operation of these statutes of limitations by arguing that (1) the equitable discovery rule prevented the statutes of limitations from tolling until after they were on notice that private companies were involved in the fire suppression effort and (2) the statutes of limitations were not tolled until after the Beans' had exhausted their administrative remedies.

**A. Equitable Discovery Rule**

There are two settings in which the equitable discovery rule prevents a statute of limitations from beginning to run upon the "happening of the last event" as described above: (1) "where a plaintiff does not become aware of the cause of action because of the defendant's

concealment or misleading conduct," and (2) "where the case presents exceptional circumstances and the application of the general rule would be irrational or unjust, regardless of any showing that the defendant has prevented the discovery of the cause of action." *Russell Packard*, 2005 UT 14, ¶ 25 (quoting *Walker Drug v. La Sal Oil Co.*, 902 P.2d at 1231 (Utah 1995)). However, before enjoying the benefit of the equitable discovery rule, a claimant generally must first establish that he did not know and could not reasonably have discovered the cause of action prior to the running of the statute of limitations. *See Colosimo*, 2007 UT 25, ¶ 17, 156 P.3d at 811 ("A Plaintiff is deemed to have discovered his action when he has actual knowledge of the fraud 'or by reasonable diligence and inquiry should know, the relevant facts of the fraud perpetrated against him.'"); *see also Estes v. Tibbs*, 1999 UT 52, ¶ 7 n.4, 979 P.2d 823, 825 n.4 (listing cases describing the diligence requirement). Accordingly, "if a party has knowledge of some underlying facts, then that party must reasonably investigate potential causes of action because the limitations period will run." *Colosimo*, 2007 UT 25, ¶ 17, 156 P.3d at 811; *see also Baldwin v. Burton*, 850 P.2d 1188, 1197 (Utah 1993)("[I]t is not necessary for a claimant to know every fact about his fraud claim before the statute begins to run.").

In the present case, the Beans have failed to exercise the requisite diligence in investigating their claim. At the time of the fire, Mr. Bean was aware that at least some of the helicopters were not owned by the government. *See* Memorandum in Opposition, ex. 1. In addition, Mr. Bean was informed on February 16, 2005 that the government had hired the helicopters. *See* Brainerd Reply, ex. B, dkt. 65. Finally, Mr. Bean himself stated that when the government denied his claim on March 16, 2006, he became aware of the possibility that other

private entities might have some legal liability. Affidavit of Merrill Bean, ¶ 8-10. Utah law clearly requires a claimant apprised of such facts to investigate their potential causes of action further before they can employ the equitable discovery rule to resurrect their lawsuit.

But even if the Beans had made the threshold showing of diligence, the facts of this case do not support the use of either the concealment or exceptional circumstances versions of the equitable discovery rule. First, the concealment version does not apply when someone other than the defendant is the source of the concealment. *See Jensen v. IHC Hospitals, Inc.*, 944 P.2d 327, 338 (Utah 1997) ("[T]he general rule is that fraud committed by a third party in concealing a cause of action against another defendant will not toll the statute of limitations as to that defendant."). The only concealment the Beans have alleged stems from the advice given to them by government personnel after the 2003 fire. *See* Memorandum in Opposition, at 9 (alleging that Jim Johnson, an employee of the U.S. government, "direct[ed] [P]laintiffs away from investigating or filing against private entities and towards filing an administrative claim against the U.S. government for damages"). The Beans have not alleged that any of the private defendants presently moving to dismiss participated in any acts of concealment. Accordingly, there is no factual basis for using the concealment version of the equitable discovery rule.

Second, the Beans have failed to show that any "exceptional circumstances" exist in this case. Under Utah law, the exceptional circumstances variety of the equitable discovery rule is reserved for cases in which it would be "'truly irrational' or 'unjust' to apply a statute of limitations." *Grynberg v. Questar Pipeline Co.*, 2003 UT 8, ¶ 65, 70 P.3d 1, 17 (quoting *Estes v. Tibbs*, 1999 UT 52, ¶ 7, 979 P.2d 823 ("Courts should be cautious in tolling a statute of

limitations; liberal tolling could potentially cause greater hardships than it would ultimately relieve.")). To determine whether exceptional circumstances exist, a court must weigh "the hardship imposed on the claimant by the application of the statute of limitations against any prejudice to the defendant resulting from the passage of time." *Sevy v. Security Title Co. of Southern Utah*, 902 P.2d 629, 636 (Utah 1995). After weighing the relative hardships presented by this case, the Court holds there are no exceptional circumstances in this case to support the application of the equitable discovery rule, especially in light of the height of the bar set under Utah law.

### B. Exhaustion of Administrative Remedies

The Beans' second argument that they were required to exhaust their administrative remedies pursuant to the Federal Tort Claims Act (FTCA) prior to filing suit against the private entities under state law lacks merit. *See, e.g.*, *Drury v. U.S. Army Corps of Engineers*, 359 F.3d 366 (5th Cir. 2004) (holding that a property owner's filing of an administrative claim under the FTCA did not interrupt the statute of limitations applicable to state tort claims, thus rendering those claims time-barred). The statute of limitations applicable to the Beans' state tort claims was not tolled by the filing and adjudication of their FTCA claim. Accordingly, the statute of limitations applicable to Plaintiffs' state tort claims against the moving defendants had expired by the time this suit was filed on September 6, 2006.

### III. Conclusion

Based upon the foregoing, the Court hereby GRANTS the motions to dismiss filed by Reeder Flying Service, Crew Concepts, Rogers Helicopter, Geo-Seis Helicopters, Brainerd

Helicopters, and Fire-Trol Holdings. The Court holds that the Plaintiffs' claims against these Defendants are barred by the applicable state statutes of limitation. In addition, the Court finds that there is no factual basis to support application of either version of the equitable discovery rule as set out under Utah law.

IT IS SO ORDERED.

Dated this 16th day of July, 2009.

Dee Benson
United States District Judge